1 | RICHARD D. WILLIAMSON, ESQ. (NV Bar 9932)
2 | SAMANTHA J. REVIGLIO, ESQ. (NV Bar 14258)
  | Robertson, Johnson, Miller & Williamson
3 | 50 West Liberty Street, Suite 600
  | Reno, Nevada 89501
4 | Telephone No.: (775) 329-5600
  | Facsimile No.: (775) 348-8300
5 | rich@nvlawyers.com
  | samantha@nvlawyers.com
6 | *Attorneys for Defendants & Counterclaimants*

**UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF NEVADA**

JULIE KEY,

    Plaintiff,

vs.

JOHN F. WITZEL, JR.; STEENS MOUNTAIN PACKERS, INC., an Oregon domestic business corporation; HELI-STEENS; and FRENCHGLEN-BLACKSMITHS,

    Defendants.

JOHN F. WITZEL, JR., an individual; STEENS MOUNTAIN PACKERS, INC., an Oregon corporation; and COLTON WITZEL, an individual,

    Counterclaimants,

vs.

JULIE KEY, an individual; PINE GROVE FARMS, INC., a Nevada corporation; and ROYAL PEACOCK OPAL MINES, INC., a Nevada corporation,

    Counterdefendants.

Case No.: 3:21-cv-00188-LRH-WGC

**STIPULATION AND ORDER FOR PROTECTIVE ORDER GOVERNING DISCLOSURE OF CONFIDENTIAL INFORMATION**

COMES NOW, Defendants/Counterclaimants John F. Witzel, Jr., Colton Witzel, Steens Mountain Packers, Inc., Heli-Steens, and Frenchglen Backsmiths (collectively, "Defendants"), by and through their attorneys of record, the law firm of Robertson, Johnson, Miller & Williamson, and Plaintiff/Counterdefendants Julie Key, Pine Grove Farms, Inc., and Royal

Robertson, Johnson, Miller & Williamson
50 West Liberty Street, Suite 600
Reno, Nevada 89501

STIPULATION AND ORDER FOR PROTECTIVE ORDER GOVERNING
DISCLOSURE OF CONFIDENTIAL INFORMATION
PAGE 1

Peacock Opal Mines, Inc. (collectively, "Plaintiffs"), by and through their attorney of record, the law firm of Goicoechea, DiGrazia, Coyle, and Stanton, and hereby stipulate and agree that the following procedures shall govern the use and disclosure of all documents and information produced, formally or informally, in response to discovery requests, deposition notices, and subpoenas in this Action:

1. All documents and other products of discovery including any documents, things, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition testimony, deposition transcripts, exhibits to deposition transcripts, other responses to requests for information, or other written information produced in response to discovery requests by the Parties or third parties in this action (a "Confidential Document") shall be received in confidence and kept secret by the undersigned attorneys, or any successor attorneys of the parties. Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain material that has been designated as confidential will also be treated as such pursuant to this Protective Order. Except as hereinafter provided, any such written materials or documents or information contained therein shall not be disclosed to any person other than the parties, the undersigned attorneys or successor attorneys, their office associates, and stenographic and clerical employees of such attorneys who may be assigned to this action, and then, subject to the limitations set forth below, disclosed to and used by them only for the prosecution or defense of this action. The disclosing party shall stamp or type the designation "CONFIDENTIAL" on each page of any such documents it deems to be subject to this Stipulation. Where such page-by-page designations are impossible or infeasible, the supplying party may designate Confidential Documents as confidential through other means reasonably calculated to give the receiving party notice that the material contains confidential information -- such as including the term "CONFIDENTIAL" in the filename of an electronic document produced in native format or indicating such on the cover letter transmitting the material.

2. The Parties agree to receive in confidence and keep secret any material produced by a third-party if: (1) the third-party designates the material confidential; or (2) either Party

Robertson, Johnson, Miller & Williamson
50 West Liberty Street, Suite 600
Reno, Nevada 89501

STIPULATION AND ORDER FOR PROTECTIVE ORDER GOVERNING
DISCLOSURE OF CONFIDENTIAL INFORMATION
PAGE 2

designates the material confidential by informing all Parties of such designation in writing. Parties receiving written notice of such designation by a Party shall either direct the designating Party to reproduce the material with the new designations or affix the specified designation to the relevant pages of any copy or copies of such material in their possession and shall treat the designated material in accordance with the terms of this Protective Order.

3. Subject to the provisions contained herein, disclosure of such Confidential Documents or of any information contained therein, may be made by such attorneys, if necessary to the prosecution or defense of this action, to:

(a) the Parties and any person who is an attorney for the Parties;

(b) independent experts, consultants, and advisors for each of the Parties (along with clerical or secretarial staff) who are not employed by or affiliated with any of the Parties but who are specifically engaged by counsel or the Parties to assist in this action;

(c) the Court, including the Court's personnel and any special master appointed by the Court;

(d) stenographic and/or videographic reporters engaged in proceedings incident to preparation for trial of this action;

(e) employees of copy services, trial graphics services, translation services, vendors engaged by counsel for processing electronic information, and/or any other outside litigation or trial support;

(f) any mediator, arbitrator, or settlement conference judge appointed or jointly selected by the Parties in connection with this action;

(g) any person who is indicated on the face of a document to have been an author, addressee, copy recipient, or actual recipient of the document (not including a person who received the document in the course of the action);

(h) Experts of the Parties who may be examined and may testify in this action concerning all Confidential Documents produced or designated by the respective party which pertains to the subject matter of his/her consultation;

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno. Nevada 89501

STIPULATION AND ORDER FOR PROTECTIVE ORDER GOVERNING
DISCLOSURE OF CONFIDENTIAL INFORMATION
PAGE 3

(i) deponents and witnesses who are called to testify in this action, as long as those deponents and/or witnesses are permitted to receive Confidential Documents as otherwise provided for herein. If the relevant deponent or witness is not authorized to receive Confidential Documents under this Protective Order, the party seeking to examine the deponent or witness must alert the opposing party of its intent to share Confidential Documents with the deponent or witness seventy-two (72) hours prior to the start of the deposition and afford the opposing party an opportunity to object before sharing any Confidential Documents. If the Parties are unable to resolve an objection made under this provision, the objecting party shall file a motion for protective order in the jurisdiction where the deposition is to be conducted, and the dispute shall be resolved by the applicable court; and

(j) any other person to whom the Parties agree in writing. In the event that any such written material, document, or information is so disclosed, the attorneys for such parties shall provide each such person with a copy of this Order, and obtain an acknowledgment from him or her in writing (in the form attached hereto as Exhibit A) that he or she has received a copy of this Order, is familiar with the provisions thereof, and agrees to be bound by its terms. All such persons shall be bound thereby, shall not use such written material, documents, or information for any purpose other than in connection with the prosecution or defense of this action, and shall not reveal such written material, documents, or information to any person.

4. With respect to any deposition testimony, any Party may designate as confidential those portions of a transcript (including exhibits) that such Party believes in good faith merit protection as confidential by stating orally on the record of a deposition what portion of information, exhibits, or testimony is to be so designated, or by designating portions of the deposition transcript confidential until the expiration of such thirty (30) day period after the date of the relevant deposition, whether or not any portion of the transcript was designated previously. Deposition transcripts and attachments or exhibits thereto may be designated as confidential during or after taking the deposition upon request of either Party, in which case the confidential portion of the deposition shall be marked as confidential on each page that either Party designates. After either Party makes such a designation, the designated material shall remain

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno. Nevada 89501

STIPULATION AND ORDER FOR PROTECTIVE ORDER GOVERNING
DISCLOSURE OF CONFIDENTIAL INFORMATION
PAGE 4

confidential unless adjudicated otherwise by this court. No person shall be present during any portion of any deposition designated at the deposition as confidential or any portion of any deposition wherein any Confidential Document is disclosed unless that person is authorized to receive such Confidential Document under the terms of this Protective Order.

5. Prior to making any disclosure of any Confidential Document or of any information contained therein (other than disclosure at any deposition or in any affidavit, brief, or other paper filed in this action) to anyone other than the parties and persons identified in subsection 3, above, written notice shall be given to the attorneys for the other side by the attorneys proposing to make such disclosure. Such notice shall be given at least five (5) days prior to such proposed disclosure of such written material, document, or any information contained therein, such period to be measured from and to include the date of delivery thereof, and include (i) the name of each person to whom it is proposed to make such disclosure and (ii) a description of each such person, principal business affiliation, and responsibilities. Upon receipt of a written objection to any disclosure proposed to be made pursuant to the preceding sentence from the other parties or from their attorneys, the party proposing disclosure shall postpone such disclosure for at least five (5) business days, such period to be measured from and to include the date of delivery of such objection, and, if a motion for a protective order is filed within that time, make no disclosure prior to a final resolution of that motion by this Court.

6. Any Party believing that particular information has been improperly designated (*i.e.*, that a Confidential Document is not actually confidential) may challenge such designation at any time by raising the issue in writing to the designating Party, and specifically identifying, by document identification (Bates) number, by deposition page and line, or by other appropriate specific identifier, the information whose confidentiality status is challenged. Within ten (10) days of receipt of such writing, the designating Party shall either remove or reduce the designation or respond that it has reviewed the matter and continues to maintain the designation in good faith. The Parties shall endeavor in good faith to resolve any such dispute without calling upon the intervention of the applicable court. If the designating Party maintains its designation and the Parties are unable to reach agreement after endeavoring in good faith to

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno. Nevada 89501

STIPULATION AND ORDER FOR PROTECTIVE ORDER GOVERNING
DISCLOSURE OF CONFIDENTIAL INFORMATION
PAGE 5

resolve the dispute, the challenging Party may bring the issue to the applicable Court via motion. The designating Party shall have the burden of establishing the appropriateness of the designation, except that a Party claiming that materials designated under this Protective Order by the other Party is in the public domain shall have the burden of proving such public knowledge. Challenged information shall be treated as designated until the resolution of the dispute by the Parties or ruling by the applicable court.

7. No Confidential Documents nor any pleading, memorandum of law, motion, letter, or other document disclosing such materials (collectively, "**Confidential Records**") shall be filed with any court except as provided herein. All Confidential Records that are filed in this action shall be filed under seal. Unless otherwise permitted by statute, rule, or other court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with LR IA 10-5.

8. Nothing in this Protective Order shall preclude any Party from introducing Confidential Documents into evidence at any evidentiary hearing or at trial in this action. However, if anyone intends to introduce or refer to Confidential Documents at such a hearing or trial, the Party wishing to make the disclosure shall, at least seventy-two (72) hours before any such hearing or trial, first notify the opposing Party and provide them with an opportunity to object and/or to ask the applicable court to take appropriate precautionary procedures (e.g., clearing the Courtroom, sealing the record, etc.). The Party seeking to introduce Confidential Documents may not do so until the Court in the jurisdiction where the hearing or trial is occurring determines the Confidential Documents are admissible.

9. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery requests. Nothing in this Protective Order shall prevent a receiving Party or receiving third-party from complying with a valid subpoena or other compulsory process that requires production or disclosure of Confidential Documents.

10. Any inadvertent failure to designate any material as confidential shall not constitute a waiver of a Party or third-party's right to so designate such material at a later date,

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno. Nevada 89501

STIPULATION AND ORDER FOR PROTECTIVE ORDER GOVERNING
DISCLOSURE OF CONFIDENTIAL INFORMATION
PAGE 6

provided that the designating Party, or designating third-party, promptly serves a written notice on the receiving Parties upon learning of the inadvertent failure to designate, or incorrect designation, along with a replacement copy of such material marked with the appropriate legend.

11.  The inadvertent production of Confidential Documents that would be protected from disclosure pursuant to the attorney-client or accountant-client privileges will not constitute a waiver of that privilege.  If any such Confidential Document is inadvertently produced in discovery, the recipient of the information or document will, upon request from the producing Party or third-party:  (a) return all copies of the information or documents to the producing Party or third-party within three business days of written notice from producing Party or third-party; (b) destroy all notes and other work-product reflecting the content of the material and delete the material from any litigation support or other database within three business days of written notice from producing Party or third-party; and (c) make no further use of such information or documents for any purpose unless and until further order from the applicable court.

12.  To the extent the receiving Party has reason to suspect that material covered by the attorney-client or accountant-client privilege has been inadvertently produced, it will promptly notify the producing Party or third-party and identify the documents in question.  The return of any discovery information or material to the producing Party or third-party will not in any way preclude the receiving Party from moving the applicable court for a ruling that (a) the information or document was never privileged, or (b) any privilege or immunity has been waived.  In any application to a court under this subsection, the allegedly privileged document may, as appropriate, be disclosed for in camera inspection by that court but pending that court's ruling, may not otherwise be used.  If that court does not grant the application, then the privileged document(s) shall be returned or destroyed as provided herein

13.  After the final termination of this action, the provisions hereof relating to the secrecy and confidential nature of the written material, documents, or the information contained therein shall continue to be binding on all parties herein.

14.  At the conclusion of the trial and/or appeal or other termination of this action (collectively, the "Case Conclusion"), all written material or documents produced or disclosed in

Robertson, Johnson, Miller & Williamson
50 West Liberty Street, Suite 600
Reno. Nevada 89501

STIPULATION AND ORDER FOR PROTECTIVE ORDER GOVERNING DISCLOSURE OF CONFIDENTIAL INFORMATION
PAGE 7

this action pursuant to this Order (and all copies of such documents) shall, within thirty (30) days of the Case Conclusion, be returned to the producing party or destroyed, and all summaries thereof or other documents containing or reflecting such confidential written material or documents, or related information shall be destroyed. The party undertaking any destruction as provided herein shall certify its full destruction compliance to the disclosing party within twenty-one (21) days after the Case Conclusion. The parties' attorneys of record may maintain copies of documents as required by statute or other applicable rule or order.

15. If the Confidential Documents being produced in accordance with this Order (or the information contained therein) are disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts related to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies of the original disclosing party, shall make every possible effort to prevent any further disclosure by it or by the person(s) who received such documents. In the event anyone violates or threatens to violate the terms of this Protective Order, any Party may immediately apply to obtain injunctive relief against any such person. This shall not be construed as limiting a Party's right to seek other remedies, including damages, if any, in the event of a violation.

**IT IS SO STIPULATED.**

DATED this 25th day of October, 2021

GOICOECHEA, DIGRAZIA,
COYLE & STANTON, LTD.
530 Idaho Street
P.O. Box 1358
Elko, NV 89803
nancyporter@elkolawyers.com

By: */s/ Nancy Porter*
Nancy Porter, Esq.
*Attorney for Plaintiff and Counterdefendants*

DATED this 25th day of October, 2021

ROBERTSON, JOHNSON
MILLER & WILLIAMSON
50 W. Liberty Street, Suite 600
Reno, Nevada 89501
rich@nvlawyers.com
samantha@nvlawyers.com

By: */s/ Richard D. Williamson*
Richard D. Williamson, Esq.
Samantha J. Reviglio, Esq.
*Attorneys for Defendants and Counterclaimants*

Robertson, Johnson,
Miller & Williamson
50 West Liberty Street,
Suite 600
Reno. Nevada 89501

STIPULATION AND ORDER FOR PROTECTIVE ORDER GOVERNING
DISCLOSURE OF CONFIDENTIAL INFORMATION
PAGE 8

## ORDER

1  Paragraph 7 is modified to reflect that any motion regarding filing confidential information and motions to seal shall also comply with the requirements of <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d
2  1172 (9th Cir. 2006).  See also, <u>Center for Auto Safety v. Chrysler Group, LLC</u>, 809 F.3d 1092, 1097 (9th Cir. 2016).
3  **IT IS SO ORDERED.**

*[Signature: William G. Cobb]*

U.S. MAGISTRATE JUDGE
DATED: October 26, 2021

Robertson, Johnson, Miller & Williamson
50 West Liberty Street, Suite 600
Reno, Nevada 89501

STIPULATION AND ORDER FOR PROTECTIVE ORDER GOVERNING
DISCLOSURE OF CONFIDENTIAL INFORMATION
PAGE 9

# EXHIBIT A.

### CERTIFICATION AND ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, have read in its entirety and understand the Protective Order that was issued by the United States District Court, District of Nevada, on _____, 2021, in the case of *Julie Key v. John F. Witzel, Jr., et al.,* Case No. 3:21-cv-00188-LRH-WGC.

I agree to comply with and to be bound by all terms of this Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Protective Order. Further, I promise that I will not offer to sell, advertise or publicize that I have obtained any protected material subject to this Protective Order.

At the conclusion of this matter, I will return all protected materials which came into my possession or control to counsel for the party from whom I received the protected material, or I will destroy those materials. I understand that any confidential information contained within any summaries of protected material shall remain protected pursuant to the terms of this Order.

I agree to submit to the jurisdiction of the United States District Court, District of Nevada, for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I certify under penalty of perjury that the foregoing is true and correct.

Date: _____

City and State where signed: _____

Printed Name: _____

Address: _____

Signature: _____

Robertson, Johnson, Miller & Williamson
50 West Liberty Street, Suite 600
Reno, Nevada 89501

STIPULATION AND ORDER FOR PROTECTIVE ORDER GOVERNING
DISCLOSURE OF CONFIDENTIAL INFORMATION
PAGE 10